## Whinney v. Hamilton

*J. W. Scanlon,* for plaintiff.

*L. D. Savige,* for defendant.

HOBAN, J., January 13, 1936.—The action is one of trespass, commenced by capias, for a tort involving injury to personal property, for an amount less than $300.

The drastic procedure of commencing an action of trespass by capias cannot be exercised except by strict conformity with the statute authorizing the institution of actions by this method.

Section 2 of the Act of March 20, 1810, 5 Sm. L. 161, 42 PS §422, upon which the jurisdiction of the alderman to issue a warrant of arrest is based, authorizes the justice "to issue a summons, if the party complained of, be a freeholder; if not, either a summons or a warrant of arrest." To justify the jurisdiction, therefore, we are of the opinion that it must appear affirmatively that defendant is not a freeholder. This the transcript fails to disclose.

We are also of the opinion that the transcript fails to disclose a cause of action. Judgment was entered by the alderman upon a showing that a collision occurred between two automobiles and that the automobile of defendant ran into and forcibly struck the automobile of plaintiff, but nowhere in the transcript is there either an allegation or finding of intention or of negligence on the part of defendant.

The transcript also shows that the warrant was directed to a constable of the City of Scranton, whereas defendant is a resident of Blakely Borough, and that mileage was taxed against defendant upon that basis. This is in violation not only of section 2 of the Act of 1810, supra, but of the Act of April 27, 1911, P. L. 86. See Bell v. Blum Brothers, 36 Lack. Jur. 112. For these reasons we sustain the second, third, and fifth exceptions, and the judgment of the alderman must be reversed.

Now, January 13, 1936, judgment is reversed.